UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNA A. SALAZAR, et al.    )
                                    )
      Plaintiffs,    )
                                    )
v.    )    Civil Action No. 02-0558(JDB)
                                    )
ISLAMIC REPUBLIC OF IRAN, et al.    )
                                    )
      Defendants.    )

PLAINTIFF'S BRIEF ON ADEQUACY OF SERVICE

In response to the directives contained in the Court's Order dated March 29, 2005, Plaintiff respectfully submits the following:

I

Upon receipt of the Court's Order, undersigned counsel arranged for its translation into Farsi. The translation was submitted to the Clerk of the Court.

Counsel also contacted the representative of the Department of State to obtain clarification of the Department's position on what pleadings and orders it is willing to serve via diplomatic channels. According to Mr. Fritzlen's letter dated April 11, 2005, the "Department will serve summones, complaints and notices of suit. This includes amended complaints and any subsequent orders that are considered part of service of complaints or judgments." This position varies somewhat from Mr. Fritzlen's earlier statements on the topic. Moreover, it is unclear whether this Court's March 29 Order would be considered "part of service of complaints or judgments."

Given Mr. Fritzlen's explicit reference to amended complaints, a copy of the Amended Complaint was also included in the transmission to the Clerk of the Court.

II

Under the Foreign Sovereign Immunities Act, "subject matter jurisdiction plus service of process equals personal jurisdiction." <u>Transaero, Inc. v. La Fuerza Aerea Bolivana</u>, 30 F. 3d 148, 151 (D.C. 1994), <u>Texas Trading & Milling Corp. v. Federal Republic of Nigeria</u>, 647 F.2d 300, 308 (2nd Cir. 1981) <u>cert. denied</u>, 454 U.S. 1148 (1982).  The original Summons and Complaint were properly served upon defendants pursuant to 28 U.S.C. § 1608(a)(4).  That event[1] gave the defendants the notice required by due process that a lawsuit had been commenced, the accusations that they wrongfully caused the death of Mark Salazar, and that they must file a response to those accusations within a specified time.

When none of the Defendants responded, a default was entered.  In a "normal" case, a default judgment would have been entered.  However, 28 U.S.C. § 1608(e) prescribes further due process by requiring a hearing on the merits of the claim, a courtesy not afforded to other litigants.  No Defendant has ever appeared in this action.  The entry of default, notice of hearing, conduct of a hearing, filing of the amended complaint and issuance of the Court's March 29, 2005 Order were all consistent with due process.  Having elected to "sit out the game" on the sidelines, the defendant cannot now complain of a lack of due process.  <u>Steinberg v Int'l Crim. Police Organization</u>, 672 F.2d. 924(D.C. 1982).

Plaintiffs submit that Defendants calculated refusal to participate in this proceeding following valid service of process as prescribed by statute is a waiver of any expectation to receive subsequent pleadings or orders of the Court.

Notwithstanding, that waiver, Plaintiff has attempted to perfect service of her amended complaint by other reasonable means.  The first attempt was by commercial delivery which was thwarted by the Iranian officials' refusal to accept any package from the United States.  The

---

[1]  Of course, before diplomatic service had occurred copies of the pleadings had already been mailed by the Clerk.

2

second and presumably successful attempt was by the U.S. Postal Service.  Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process.  Due process can be reasonably calculated to give actual notice and afford an adequate opportunity to be heard.  Avianca, Inc. v. Corriea, 705 F.Supp. 666 (D.D.C. 1989).  "It is well established that once a defendant has actual notice of the pendency of an action, the requirements of F.R.Civ.P. 4 are to be liberally construed."  Banco Latino v. Gomez Lopez, 53 F.Supp.2d. 1273 (S.D.Fla. 1999) See, Nichols v. Surgitool, Inc., 419 F.Supp. 58 (W.D.N.Y. 1976); Concepcion v. VEB Backereimaschenbau Hall, 120 F.R.D. 482 (D.N.J. 1988).

In its discretion, the Court can approve a variety of methods of approved service including e-mail.  Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002) under Rule 4(f)(3).  See, New England Merchants Nat'l Bank v. Iran Power Generation & Transmission Co., 495 F.Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by process on Iranian defendants by telex under 28 U.S.C. § 1608).  Similarly, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") permits service by mail.  Brockmeyer Eromedia Ltd. V. May et al., 383 F.3d 798 (9th Cir. 2004).

The statutory structure of the FSIA is the sole basis for obtaining jurisdiction over a foreign state in our courts.  Argentine Republic v. Amerada Hess, 109 S.Ct. 683, 688 (1989).  The Court has personal jurisdiction by virtue of perfected service through diplomatic channels.  What is at issue is the reasonableness of the means of apprising a defaulting party of subsequent events in the lawsuit.  The cases cited above do illustrate the approval of "reasonable" means of service in analogous situations.

Since the 1996 passage of the so-called Flatow Amendment, more than 50 cases have been filed in this Court against the Islamic Republic of Iran by victims of state sponsored acts of

terrorism. This volume of lawsuits is consistent with the U.S. Government's annual designation of Iran as the leading exporter of terrorism.

In each of those cases, service of the summons and complaint was perfected through diplomatic channels following the defendants' failure to respond to attempts by other means.

In none of these cases did the Iranian defendants appear or contest the allegations lodged against them. It is inconceivable that the Iranian government is not aware of these cases including Donna Salazar's. The days are long gone when an effort to ascertain the status of a case required a trip to the courthouse. The pleadings and judgments are available on the Court's website.

Years ago, the Iranian government embarked upon a foreign policy of exporting militant Islamic doctrine through acts of terrorism often directed against American targets. Calculated acts of murder (as in this case) showed disregard for international treaties or protocols. It is not surprising that such a government would choose to ignore the civil litigation generated in the wake of terrorist acts. Under the evidence available to the Court, it would be a mistake to equate the Iranian government to an unsophisticated litigant who failed to respond out of ignorance of the judicial process.

From the Defendant's clear pattern of conduct, the Court can safely infer that the Islamic Republic of Iran will not respond to any service of process, whether by mail, courier or diplomatic delivery. While Ms. Salazar has no objection to the Department of State's delivery of portions of this record through diplomatic channels, she respectfully urges the Court to issue a final judgment in this case to be included in that pouch.

5

This defendant has received all the process it is due.

                        Respectfully submitted,

                        _____
                        John J. McDermott, PLLC
                        201 N. Union Street
                        Suite 200
                        Alexandria, VA 22314